IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BAILEY | : | CIVIL ACTION |
| | : | NO. 07-719 |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | |

O'NEILL, J.                                                                                                         JANUARY 28, 2010

## MEMORANDUM

Plaintiff, a state prisoner incarcerated at SCI-Fayette, filed a four count amended complaint[1] against twenty defendants alleging civil rights violations.[2] Ten of those defendants–DiGuglielmo, Pallott, Banta, Canino, Moyer, Knauer, Campbell, Lozar, Andrews and Stanishefski–now move for summary judgment in their favor. Additionally, all defendants move for partial summary judgment as to Counts III and IV of the amended complaint. Plaintiff concedes that summary judgment is appropriate as to all moving defendants but Lozar and Banta. He further concedes that summary judgment is appropriate as to Count III and a portion of Count IV. Presently before me are defendants' motion for summary judgment and plaintiff's response. For the following reasons, I will grant in part and deny in part defendants' motion for summary

---

[1] Plaintiff's amended complaint alleges the following: (1) Count I - Deliberate Indifference to Plaintiff's Conditions of Confinement; (2) Count II - Excessive Force; (3) Count III - Deprivation of Personal Property; and (4) Count IV - Retaliation.

[2] Initially, plaintiff asserted claims against twenty-two defendants. However, on May 27, 2008, I dismissed with prejudice defendant Felipe Arias, M.D. Then, in late 2008, defendant Charles Stott died.
    The remaining defendants are: (1) David DiGuglielmo; (2) Sylvia Pallott; (3) William Banta; (4) Mary Canino; (5) Wendy Moyer; (6) Julie Knauer; (7) Myron Stanishefski; (8) Heather Craiter; (9) Stephen Campbell; (10) John Lozar; (11) Charles Andrew; (12) Andrew Thomas; (13) Earl Thomas; (14) Kenneth Marshall; (15) Thomas Achey; (16) Jeffrey McCusker; (17) Jennifer Gonzalez; (18) Steven Gavlik [defendants refer to him in some places as "Steven Caulk," see, e.g., Def.'s Br. at 1]; (19) Kevin Macgregor; and (20) Jeffrey Trower.

judgment.

BACKGROUND

Plaintiff was incarcerated at SCI-Graterford between July 2005 and March 2007. While there, he allegedly suffered multiple violations of his civil rights. The following is a summary of plaintiff's allegations.

The first violations occurred in April and July 2006. At some unspecified time in April 2006, defendants unjustifiably removed legal books and materials from plaintiff's cell. They were returned fourteen days later. Then, on July 3, 2006, defendants seized and destroyed two of plaintiff's books.

The severity of defendants' actions escalated after the July 3, 2006 incident. On November 28, 2006, while plaintiff was handcuffed, defendants Achey and McCusker physically assaulted him. The altercation was observed by defendants Gonzalez, Marshall and Thomas. None of the three intervened. The assault was in retaliation for filing grievances and lawsuits against SCI-Graterford employees and other state officials. After the fight, defendants Achey and Thomas fabricated misconduct reports against plaintiff in further retaliation. Both fabricated misconduct reports were filed on November 28, 2006. The first, authored by Achey, falsely claimed that plaintiff assaulted a corrections officer and refused to provide a urinalysis sample. The second, authored by Thomas, falsely reported that plaintiff had plastic kitchen gloves–an item prohibited by prison regulations–in his cell.

On December 15, 2006 while plaintiff was being escorted from a medical facility to his cell, he was assaulted a second time. Plaintiff, again handcuffed, was assaulted by defendants Gavlik, Thomas and Macgregor. During the assault, Macgregor shocked plaintiff repeatedly with

2

a stun gun. Defendant Lozar observed the assault but did not intervene. Defendant Banta was informed by other inmates of the impending assault before it happened but also did not intervene. For five days after the incident, plaintiff was held in an unsanitary cell without clothes, shoes, a mattress, heat or a working toilet. He also received no food or water during that time period. Banta and Lozar were aware of the deplorable condition of his cell, but failed to remedy the situation.

On January 10, 2007, plaintiff was assaulted a third time. There, defendants Kraiter and Trower assaulted plaintiff while he was handcuffed. For seven days thereafter, plaintiff was denied food, water, the right to shower, access to exercise facilities and access to the law library.

On February 22, 2007, plaintiff filed this action. After filing this lawsuit, he also filed several grievances against SCI-Graterford officials and other state employees. On March 14, 2007, plaintiff was assured that he would remain at SCI-Graterford for six to twelve months. On March 23, 2007, however, he was transferred to SCI-Huntingdon.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317,

322 (1986). The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255.

When a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the moving party. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).

DISCUSSION

I.   Uncontested Portions of Defendants' Motion

Defendants DiGugliemo, Pallott, Banta, Canino, Moyer, Knauer, Campbell, Lozar, Andrews and Stanishefski request that I enter judgment in their favor. Plaintiff concedes that all but Banta and Lozar are entitled to summary judgment. Accordingly, I will enter judgment in favor of DiGuglielmo, Pallot, Moyer, Knauer, Campbell, Stott, Andrews and Stanishefski, and the complaint against each of them will be dismissed.

All defendants move for judgment as a matter of law with regard to Count III of the

4

complaint. Plaintiff concedes this motion is meritorious. Accordingly, I will enter judgment in favor of defendants on Count III.

Finally, all defendants move for summary judgment with respect to plaintiff's allegation that he was transferred from SCI-Graterford to SCI-Huntingdon in retaliation for filing lawsuits and grievances against SCI-Graterford employees and other state officials. Plaintiff concedes this motion is also meritorious. He notes, however, that defendants have not moved for summary judgment with respect to his other allegations of retaliation. Accordingly, I will dismiss plaintiff's retaliation claim insofar as it rests on his transfer from SCI-Graterford to SCI-Huntingdon. He may pursue his retaliation claim in all other respects.

II.  Contested Portions of Defendants' Motion

Plaintiff argues that judgment as a matter of law is inappropriate with respect to defendants Banta and Lozar because there are several genuine issues of material fact as to whether they violated plaintiff's civil rights.

> A. There Is a Genuine Issue of Material Fact as to Whether Banta and Lozar Failed to Intervene in the December 15, 2006 Assault

With regard to the December 15, 2006 assault, plaintiff alleges that: (1) Lozar watched his fellow officers assault plaintiff without interceding; and (2) Banta knew in advance of the impending assault but did not intercede. Bailey Dep. 115:24 - 116:20, 96:14 - 100:1, July 13, 2009. Defendants argue that there is no evidence that Banta and Lozar actually participated in the assault or that they were aware of the assault before or during its commission.

Defendants can be held liable under section 1983 even if they did not directly participate in the assault. The Court of Appeals has held that "[i]f a police officer, whether supervisory or

5

not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under section 1983." Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002) (quoting Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986)). The Court clarified, however, that such an officer can only be held liable if he had a "realistic and reasonable opportunity to intervene." Id. at 651. Similarly, the Court held in Baker v. Monroe Tp., 293 F.3d 1186, 1993 (3d Cir. 1995), that an officer can be liable for the use of excessive force if he knew of and acquiesced in the treatment.

At his deposition plaintiff testified that Banta knew in advance of the assault and Lozar watched it "with his own eyes." Bailey Dep. 115:24 - 116:20, 96:14 - 100:1. Banta and Lozar deny the allegations. Accordingly, there are genuine issues of material fact as to whether Banta and Lozar knew of and acquiesced in the treatment.

> B. There is a Genuine Issue of Material Fact as to Whether Banta and Lozar Were Deliberately Indifferent to the Inhumane Conditions to which Plaintiff Was Subjected After the December 15, 2006 Assault

Defendant argues that there is no evidence to support a finding that Banta and Lozar were liable for the unsanitary conditions in which plaintiff was held after the December 15, 2006 and January 10, 2007 assaults. In order for the officers to be liable, plaintiff must show: (1) a deprivation that results in the denial of minimal civilized measure of life's necessities; and (2) that the defendants acted with deliberate indifference to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A defendant is deliberately indifferent where "the [defendant] knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff has testified that on both occasions he was denied food, water, clothing, a working toilet and a minimally sanitary cell. These allegations are clearly sufficient to raise a genuine issue of material fact as to whether plaintiff was denied "minimal civilized measure of life's necessities."

Plaintiff also contends that Banta and Lozar were aware of the conditions and failed to act. He cites an email to Banta which states "on [plaintiff's] request slip to me he claims CO's beat him when he was cuffed and shackled and drug him to his cell. Claims he's naked and has no mattress. Claims we won't let him see medical and that he's hurt and need's [sic] attention. Check him and report back." Email from John Murray to William Banta, Dec. 19, 2006, 1:40 PM (Pl.'s Exh. G). Banta responded to that email the next morning.

With respect to Lozar, plaintiff argues that Lozar's testimony raises a genuine issue of material fact as to whether he was deliberately indifferent to the unconstitutional conditions. Lozar Dep. 51:20 - 56:1, Nov. 10, 2009. There, Lozar admitted to being a "once or twice a week fill-in lieutenant" on the cell block where plaintiff was held and actually inspecting the cell in which plaintiff was held before he was confined therein. Id.

There is sufficient evidence to raise a genuine issue of material fact as to whether Banta and Lozar were deliberately indifferent to the unconstitutional conditions in which plaintiff was held on December 15, 2006.

    C.    There Is no Evidence to Support a Finding that Banta and Lozar Are Liable for the November 28, 2006 assault or the January 10, 2007 Assault and Subsequent Unconstitutional Confinement

Defendants also argue that there is no evidence to support a finding that Banta and Lozar were involved in the November 28, 2006 assault, the January 10, 2007 assault or the

7

unconstitutional conditions in which defendant was held after the latter. I agree. Plaintiff has not directed my attention to any evidence unearthed in discovery suggesting that Banta and Lozar were involved in those events. Indeed, he hasn't even advanced those allegations in his amended complaint. Accordingly, I will grant summary judgment in favor of Banta and Lozar as to all allegations arising out of the November 28, 2006 assault and the January 10, 2007 assault.

## CONCLUSION

In light of the foregoing, I will grant defendants' unopposed motion for summary judgment as to defendants DiGuglielmo, Pallot, Canino, Moyer, Knauer, Campbell, Stott and Stanishefski. I will, however, deny defendants' motion with respect to the involvement of Banta and Lozar in the retaliatory assault alleged to have occurred on December 15, 2006 and the subsequent deliberate indifference shown to plaintiff's conditions of imprisonment. There are genuine issues of material fact as to their liability for the civil rights violations suffered by plaintiff. Resolution of such factual questions is a function of the jury.

I will also grant defendants' unopposed motion for summary judgment as to Count III and that portion of Count IV that rests on plaintiff's transfer from SCI-Graterford to SCI-Huntingdon. In all other respects, plaintiff's retaliation claim may be presented at trial.

An appropriate Order follows.

8