IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMETRIUS BAILEY | : | CIVIL ACTION |
| | : | NO. 07-719 |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | |

O'NEILL, J.                                                                    JULY 23, 2010

## MEMORANDUM

Presently before me are motions in limine submitted by plaintiff and defendants and responses to each. Plaintiff's motions[1] will be granted as uncontested. See Loc. R. Civ. P. 7.1(c). For the following reasons, I will grant in part and deny in part defendants' motion.

## BACKGROUND

The factual background underlying this law suit is set forth at length in my January 28, 2010 memorandum wherein I granted in part and denied in part defendants' motion for summary judgment. Plaintiff Demetrius Bailey, a state prisoner incarcerated at SCI-Fayette, filed a four count amended complaint against twenty defendants alleging civil rights violations. Among plaintiff's allegations is the claim that, while handcuffed, he was assaulted by defendants McCusker and Achey on November 28, 2006. During discovery the parties learned that there

---

[1] Plaintiff moves for Orders precluding defendants from introducing any information, testimony, or documents relating to the following into evidence: (1) the prior arrests and convictions of plaintiff Bailey, as well as the history of Bailey's incarceration, including the types of housing units in which he has been housed, and any restrictions placed on his freedom, (2) any prior arrests, convictions, or incarceration histories of plaintiff's intended witnesses, (3) any prison disciplinary records of plaintiff's intended witnesses Aaron Washington, Melvin Leslie, Corey Smith, and Joshua Williams, (4) any of plaintiff Bailey's prison disciplinary records, with the exception of Misconduct Report Numbers A869299 (dated 11/28/06) and A656219 (dated 1/10/07), (5) the investigations of Lieutenant Hugh Owens regarding defendants' alleged assaults on plaintiff in November and December 2006 and the alleged confinement of plaintiff to inhumane conditions, as well as Lieutenant Owens' interview with plaintiff Bailey.

were previous allegations of prisoner abuse filed against defendant Achey in 2000. Achey allegedly used unnecessary force by assaulting an inmate and then failed to document or report the assault or the injuries sustained by the inmate. Pl.'s Mem. Ex. A. at 2. During an official investigation that followed Achey denied his involvement in the incident. Id. Achey was subsequently terminated from his employment for violations of Pennsylvania Department of Corrections policies. Id. After filing a union grievance, however, Achey's termination was reduced to a 30-day suspension after which he was reinstated. Pl.'s Mem. Ex. B. at 2.

Defendants move for an Order precluding plaintiff from introducing into evidence any previous allegations of abuse filed against defendant Achey by prisoners other than plaintiff, Achey's termination from employment with the Pennsylvania Department of Corrections in 2001, the reasons for that termination and Achey's subsequent reinstatement in 2002 as well as the facts and circumstances surrounding that reinstatement.

## DISCUSSION

Defendants move to exclude the evidence relating to defendant Achey's history as irrelevant. See Fed. R. Evid. 401. Defendants argue that the evidence is not relevant because it will not aid the jury in determining whether on November 28, 2006 Achey used physical force on plaintiff "not in a good faith effort to maintain or restore discipline but maliciously and sadistically for the very purpose of causing harm." Def.'s Mem. 3-4. In the alternative defendants argue that even if the Achey evidence is relevant, it should still be excluded as more prejudicial than probative under Rule 403 of the Federal Rules of Evidence. Plaintiff argues that this evidence is probative of Achey's character for untruthfulness, is not unduly prejudicial and is admissible under Rule 608(b) for impeachment purposes on cross-examination.

2

The evidence regarding the prior allegations of prisoner abuse filed against defendant Achey is inadmissible under Rules 401 and 402 because it does not tend to make it more or less probable that Achey's use of physical force against plaintiff Bailey was unjustifiable and excessive. Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 states that irrelevant evidence is inadmissible. Fed. R. Evid. 402. The prior allegations filed against defendant Achey and his subsequent termination and reinstatement have no probative value with regard to the current claims by plaintiff. Indeed, in his memorandum of law plaintiff does not argue that the Achey evidence is relevant to his case-in-chief.

In addition, the Achey evidence does not have a proper purpose under Rule 404(b). "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may be admissible for other purposes. Fed. R. Evid. 404(b). The Court of Appeals has established a four part test to determine the admissibility of evidence under Rule 404(b): "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the [district] court must charge the jury to consider the evidence only for the limited purpose for which it was admitted." Becker v. ARCO Chem. Co., 207 F.3d 176, 189 (3d Cir. 2000) (alteration in original) (quoting J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp., 31 F.3d 1259, 1266 (3d Cir. 1994)) (additional citations omitted). Here the Achey evidence does not have a proper purpose under Rule 404(b) with regard to plaintiff's principal claim that the physical force Achey used against plaintiff Bailey was

excessive. On the contrary, the introduction into evidence of prior allegations of abuse filed against defendant Achey presents exactly the risk of prejudice that Rule 404(b) is designed to prevent: that the jury would be more likely to believe plaintiff's present allegations against Achey because of the prior abuse charges against him. See Wichard v. Baylor, Civ. A. No. 01-CV-148, 2004 WL 1490360, at *2 (E.D. Pa. July 1, 2004) (holding that evidence of the defendant officers' prior use of improper force could not be admitted because "the risk is too high that the jury, regardless of how well instructed, would conclude that, because these officers had used improper force on a prisoner before, they were more likely to have done so here."). Therefore, the evidence pertaining to prior allegations of prisoner abuse filed against defendant Achey is inadmissible.

However, some of the Achey evidence is admissible pursuant to Rule 608(b). Rule 608(b) permits questioning during cross-examination about specific instances of a witness's prior conduct when that conduct is probative of a witness's truthfulness or untruthfulness. Fed. R. Evid. 608(b); see also United States v. Williams, 464 F.3d 443, 448 (3d Cir. 2006). In evaluating whether evidence of a specific instance of a witnesses's prior conduct should be admitted under Rule 608(b), the Court should consider factors such as "the importance of the testimony, the probable effect on the jury of the evidence, the character of the previous conduct, and the remoteness in time of the misconduct." Ashford v. Bartz, Civ. A. No. 1:04-cv-00642, 2009 U.S. Dist. LEXIS 65650, *5 (M.D. Pa. July 30, 2009) (citing United States v. Lundy, 416 F. Supp 2d 325, 330-31 (E.D. Pa. 2005)). The introduction of extrinsic evidence of specific instances of a witnesses's prior conduct is barred under Rule 608(b). Fed. R. Evid. 608(b). Here, there is evidence that defendant Achey lied during an investigation and failed to submit a truthful report.

Pl.'s Mem. Ex. A. Plaintiff may question defendant Achey regarding this past dishonest conduct on cross-examination because it is probative of Achey's character for truthfulness. See Fed R. Evid. 608(b); see also United States v. Bocra, 623 F.2d 281, 288 (3d Cir. 1980) ("The classic example of a permissible inquiry [under Rule 608(b)] would be an incident in which the witness had lied."). However, if defendant Achey denies engaging in prior dishonest conduct plaintiff is "stuck" with his answer and may not challenge it using inadmissible extrinsic evidence. Thompson, 2009 WL 2616713 at *8; Bocra, 623 F.2d at 288. Specifically, any consequences Achey may have suffered as a result of his prior misconduct are inadmissible extrinsic evidence. See United States v. Davis, 183 F.3d 231, 257 n. 12 (3d Cir. 1999); see also Ashford, 2009 U.S. Dist. LEXIS 65650 at *9 (holding that the discipline and termination resulting from a witnesses's prior act of untruthfulness was inadmissible extrinsic evidence).

Once a Court has determined that some evidence has a proper purpose under Rule 608(b), it must then engage in a "balancing" analysis under Rule 403 to determine if the probative value of that evidence outweighs its potential to prejudice the jury. See Bocra, 623 F.2d at 288 ("Rule 608(b) is meant to tie into Rule 403. . ."); see also Ashford, 2009 U.S. Dist. LEXIS 65650 at *2 (holding that admitted evidence under Rule 608 must also meet the requirements of Rule 403). Rule 403 dictates that evidence may be excluded, even if relevant, where the probative value of that evidence is outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Evidence is considered unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish . . . [or] may cause a jury to base its decision on something other than the established propositions in the case." Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (quoting J. Weinstein & M. Berger, Weinstein's Evidence P 403(03), at 403-15 to 403-17

(1978)).

Cross-examining defendant Achey about his prior dishonest conduct has strong probative value with regard to his character for untruthfulness. Although the conduct in question took place six years before the events giving rise to the present allegations by plaintiff, the jury's determination as to whether defendant Achey is a truthful or untruthful witness is significant. Achey is one of two guards who allegedly assaulted plaintiff Bailey and the outcome of the case will likely depend in large part on whether the jury believes plaintiff's or Achey's testimony. Meanwhile, the danger of unfair prejudice is low so long as plaintiff's questions during cross-examination are confined to Achey's prior acts of untruthfulness themselves and do not reference any specifics of the alleged prisoner abuse in 2000 or Achey's subsequent termination and reinstatement. Therefore, plaintiff cannot make reference to any alleged prior acts of violence or prisoner abuse committed by Achey. See Wichard, 2004 WL 1490360 at *2-3. Plaintiff is also prohibited from referencing Achey's termination itself, as well as the memorandum or any other information regarding that termination and Achey's subsequent reinstatement. See Davis, 183 F.3d at 257 n. 12 (holding that reports of officer misconduct and the suspension that resulted were third party findings and therefore inadmissible hearsay and extrinsic evidence under Rule 608(b)); see also Ashford, 2009 U.S. Dist. LEXIS 65650 at *9-10.

CONCLUSION

Defendants' motion to exclude the evidence of prior allegations of prisoner abuse filed against defendant Achey and his subsequent termination and reinstatement will be granted in part and denied in part as I have described above. An appropriate Order follows.